STATE OF IOWA, Appellee, v. CARL SOLBERG, Appellant.

No. 41075.

334

APRIL 5, 1932.

·Paysoff Tinkoff, for appellant.

John Fletcher, Attorney-general, and William M. Dallas, County Attorney, for appellee.

FAVILLE, J.—It appears from the record that on or about the 17th day of April, 1931, a county attorney's information was filed in the district court of Cedar County, Iowa, charging the appellant herein with the crime of uttering a forged instrument, said information alleging that said act was committed in violation of section *13140* of the Code. It appears that the appellant was arraigned on said charge and entered a plea of not guilty, and that counsel was appointed to represent him and that a jury was impanelled for the trial of said cause, and apparently the proceedings then terminated and the jury was discharged. Thereupon the county attorney filed what he designated as an "amended and substituted information," accusing appellant of the crime of forgery in violation of section *13139* of the Code. The information was duly sworn to and the judge entered an order approving that the cause should be prosecuted by information. Whereupon the appellant appeared in open court with his counsel and pleaded guilty to the charge of forgery as charged in said so-called "amended and substituted information," and thereupon the appellant was sentenced by the court.

I. The appellant contends that the information which was designated as an amended and substituted information was filed in violation of the statute, and that therefore the court had

no jurisdiction of the appellant to impose sentence under such amended and substituted information upon his plea of guilty.

Appellant relies upon Code section 13747, which is as follows:

"Such amendment shall not be ordered when it will have the effect of charging the accused with an offense which is different than the offense which was intended to be charged in the indictment as returned by the grand jury."

The difficulty with the appellant's position at this point is that, except for the recital in the caption to the information, there is nothing to indicate that it even purported to be an amendment to any former information. The record fairly discloses that the information to which the appellant pleaded guilty was not an amendment of a former information, but was an entirely new, separate, and distinct information, which charged a separate and distinct offense. In other words, there was no attempt to change in any way the terms or provisions of any existing information. It is fairly deducible from the record that the information that had been filed against the appellant was dismissed after a jury had been impanelled to try it, and that an entirely new information was filed with the approval of the judge or the court, charging the appellant with a different crime, and to this information the appellant pleaded guilty.

The provisions of the statute with regard to the amendment of an information, and the cases cited by appellant's counsel in respect to the amendment of indictments, have no application to the facts in the instant case. The uttering of a forged instrument and the crime of forgery are two separate and distinct crimes. It appears that the appellant was charged in one information with the crime of uttering a forged instrument. There was no attempt made to change this information in any respect or to charge any new offense by an amendment of said information. That information was entirely disposed of, and a new information, charging a new offense, was filed. This was a proper proceeding. The mere fact that in the caption the county attorney denominated the information an amended and substituted information does not make it an amendment to an existing information if it was not in fact such.

There is no merit in appellant's contention at this point.

II. The information in this action is as follows:

"In the District Court of Cedar County, Iowa.

"The State of Iowa, |
    vs. } Amended and Substituted
Carl Solberg, | Information.

"Comes now William M. Dallas, as County Attorney of Cedar County, State of Iowa, and in the name and by the authority of the State of Iowa, accuses Carl Solberg of the Crime of Forgery committed as follows:

"That said Carl Solberg, on or about the 16th day of April, A.D. 1931, in the County of Cedar and State of Iowa, did with the intent to defraud, falsely make and forge one certain check, payable to the order of one John Herbert, drawn upon the Helmer & Gortner State Bank, of Mechanicsville, Iowa, and endorsed in blank by the defendant, who signed the endorsement thereon in the name of John Herbert, in violation of Section 13139 of the Iowa Code of 1927."

The appellant contends that this information is fatally defective in that it does not describe the check referred to and that a copy of the document is not set out; that it apparently charges two offenses, namely the forging of a· check and the forging of an indorsement; and that it is not alleged and does not appear that the document charged to have been forged was either apparently or actually of legal efficacy.

Code section 13732-c2 is as follows:

"The indictment may charge, and is valid and sufficient if it charges, the offense for which the accused is being prosecuted in one or more of the following ways:

"1. By using the name given to the offense by statute.

"2. By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense, or in terms of substantially the same meaning, as is sufficient to give the court and the accused notice of what offense is intended to be charged.

"The indictment may refer to a section or subsection of any statute creating the crime charged therein, and in determining the validity or sufficiency of such indictment regard shall be had to such reference."

Code section 13732-c3 is as follows:

"No indictment which charges the offense in accordance with the provisions of section 13732-c2 shall be held to be insufficient on the ground that it fails to inform the defendant of the particulars of the offense."

Code section 13732-c33, describing the forms which may be used in indictments, among others, includes the following:

"Forgery—A. B. forged a certain instrument purporting to be a promissory note (or describe the note or give its tenor or substance)."

The appellant made no application for a bill of particulars, nor did he move to set aside the information. He in no manner challenged the jurisdiction of the court or the sufficiency of the information in the lower court. The court had jurisdiction of the subject-matter and of the appellant.

We fail to find reversible error in the record upon any of the grounds urged by the appellant.

The judgment is—Affirmed.

WAGNER, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.